# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 236 (99 CR 497) | **DATE** | 9/30/2004 |
| **CASE TITLE** | PAUL KELLY vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Government is directed to respond to the claims of Paul Kelly on or before October 20, 2004. Petitioner, Paul Kelly's reply to be filed on or before November 19, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 171 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| LG | courtroom deputy's initials | 2004 OCT -1 PM 12:22 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL KELLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 04 C 236 |
| ) | (No. 99 CR 497) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**DOCKETED**
OCT 0 4 2004

## MEMORANDUM OPINION AND ORDER

Petitioner filed his memorandum in support of his petition on January 13, 2004. Since then he has filed a number of motions, all seeking additional information he believes may be helpful to him in his effort to overturn his conviction and sentence. The latest is a motion seeking clarification of this court's September 9, 2004, order.

Perhaps it is helpful to review the present posture of the case. Petitioner appealed his conviction, the main thrust of the appeal being that he was entitled to a downward departure for his cooperation as provided in the plea agreement. The Court of Appeals, on July 24, 2003, affirmed ths court's conclusion that he was not. The subsequent petition raised four issues: that his counsel at each step along the way was ineffective because of their failure to challenge claimed violations of the Speedy Trial Act; that he was entitled to a downward departure; that various sentencing enhancements were improper; and that enhancements determined by the court cannot stand because of <u>United States v. Booker</u>, ___ F.3d ___ (7th Cir. 2004).

The first ground is clearly frivolous. We have furnished to petitioner copies of the orders entered granting extensions (the last was opposed by petitioner's counsel), which provide ample justification for the extensions. The second was determined adversely to

171

petitioner upon direct appeal, and that appeal exhausted his direct appellate rights. That issue cannot be raised again. The third was the subject of discussion and calculations at the time of sentencing. That involved drug amounts, use of minors, and petitioner's leadership role. While we have the presentence report, our notes, and various other materials, the passage of time has dimmed our recollection of those matters. They are, of course, matters that could have been raised on direct appeal, but if we do not consider them now we have no doubt that petitioner will be raising them again in the guise of ineffective assistance of counsel. We thus direct the government to respond to those claims on or before October 20, 2004, and petitioner to reply on or before November 19, 2004. We see no need to furnish additional materials to petitioner, as the relevant material is the transcript of the sentencing hearing, and petitioner obviously has a copy of that. Finally, we previously noted that petitioner may possibly have a <u>Blakely</u> contention, but that can be raised when and if the Supreme Court or the Seventh Circuit rules that <u>Blakely</u> has retroactive application.

JAMES B. MORAN  
Senior Judge, U. S. District Court

Sept. 30, 2004.